STATE of Missouri, Plaintiff-Respondent,

v.

Horace Edward WILLIAMS, Defendant-Appellant.

No. 36865.

Missouri Court of Appeals, St. Louis District, Division Four.

June 29, 1976.

Motion for Rehearing and for Transfer Denied Sept. 30, 1976.

Application to Transfer Denied Nov. 8, 1976.

John C. Danforth, Atty. Gen., Preston Dean, ⁻Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for defendant-appellant.

Joseph W. Warzycki, Asst. Public Defender, St. Louis, for plaintiff-respondent.

· SMITH, Chief Judge.

Defendant appeals from his conviction of possession of marijuana, a Schedule I Controlled Substance, Secs. 195.020 and 195.-017.2 RSMo 1969, on which he was sentenced to three years imprisonment.

The original indictment charged defendant with two counts, possession of heroin and possession of marijuana, both Schedule I controlled substances. Defendant moved for and obtained a severance of the two counts. He was tried and convicted first on the heroin charge and that conviction was affirmed in *State v. Williams,* Mo.App.St.L. Dist., filed May 4, 1976, 539 S.W.2d 530.

On this appeal defendant raises five points of error, to wit: (1) the prior conviction for possession of heroin precludes prosecution of the marijuana charge under principles of double jeopardy; (2) the Court erred in denying his motion to suppress evidence because police officers improperly executed a search warrant; (3) the Court erred in admitting into evidence the heroin and syringes seized at the same time and from the same room as the marijuana; (4) the Court erred in failing to give an entrapment instruction; and (5) the Court erred in failing to give an instruction on defendant's contention that the marijuana was placed in his room by the police.

■ Point 2 has been thoroughly covered in *State v. Williams, supra,* and we adopt that discussion and result. Point 3 has also been thoroughly covered in that opinion where defendant contended the marijuana was improperly admitted into the heroin trial. We again adopt that discussion and result.

■ Defendant's position on Point 1 is that since the possession of the heroin and marijuana were simultaneous and both are Schedule I controlled substances, a conviction on one bars the other under the double jeopardy provisions. Double jeopardy applies to preclude two prosecutions of the same offense. U.S.Const. Amendment V; Mo.Const. Art. I, Sec. 19. Sec. 195.020 makes it unlawful for "any person . . to . . . possess . . . *any* controlled or counterfeit substance . . . ." (Emphasis supplied). The use of the word "any" indicates that each separate substance possessed is an unlawful act. If the legislature had intended that the possession of several Schedule I substances would only constitute a single offense, it could have used words such as "one or more substances" to evidence that intent.

■ In *State v. Gordon,* St.L.Dist., filed March 23, 1976, 536 S.W.2d 811, we held that the distribution of the same substance to two different persons at the same time constituted two offenses. We also held that the distribution in the same con-

tainer of substances controlled by two different schedules constituted separate offenses. There is dicta in that case which might be interpreted to indicate that if the substances had been under the same schedule a different result might have been warranted.[1] But in determining whether one or two offenses occurred, we followed the prevailing rule in Missouri that in order for the offenses to be the same there must be identity in law and in fact. The same transaction rule is not the test of "same offense" in Missouri. *State v. Bowles*, 360 S.W.2d 706 (Mo.1962). Under Count II it was necessary to establish, in addition to possession, that the substance involved was marijuana and that the substance was a Schedule I controlled substance. Under Count I, it was necessary to establish, in addition to possession, that the substance was heroin and that that substance was a Schedule I controlled substance. The proof necessary under Count I would not have supported the charge under Count II, and vice versa. The substance allegedly possessed was, and would have to be, identified in the indictment or information and established by the evidence. We find this case closely analogous to *State v. Whitley*, 382 S.W.2d 665 (Mo.1964) which held that a single act caused multiple violations of the same statute, i. e.: manslaughter.

Points 4 and 5 may be treated together. Defendant's evidence was that a police officer, immediately prior to the arrest, came into defendant's room and against defendant's expressed wishes left the three bricks of marijuana in the room when the police officer left the room temporarily. Defendant offered and was refused an entrapment instruction.

 The evidence does not support an entrapment defense for two related reasons. First, entrapment involves a situation where the *intent* to commit the crime is placed into the perpetrator's head by the conduct of the police. It presupposes that in fact the defendant intended to commit the crime, but that that intent was the product of the police actions. Defendant's evidence was that he never formed any intent to commit the crime. He was not therefore entrapped into committing the crime. *State v. Taylor*, 375 S.W.2d 58 (Mo. 1964); *State v. Burns*, 457 S.W.2d 721 (Mo. 1970). Secondly, the defense normally is inconsistent with the defendant's denial of the charge. *State v. Taylor*, supra [4–6]. "Possession" requires that the defendant intentionally and knowingly have the drug in his possession. Defendant's evidence was that he did not have such intentional, knowing possession. The instruction on entrapment was properly refused.

 Defendant contends it was plain error for the court not to give an instruction that, if the marijuana was not the property of defendant but had been placed in defendant's premises by the police, he should be acquitted. This instruction was not requested, and this matter was not raised in the motion for new trial and so is not preserved. We do not find the failure to so instruct to be prejudicial error creating manifest injustice or a miscarriage of justice. Rule 84.13. The verdict director required a finding that defendant "was aware of the character of the drug and *intentionally and knowingly* had it in his possession." This adequately covered the necessary intent in the absence of a request for further instruction, and we do not find any reason to believe the jury was misled or lacked understanding of the elements of the crime.

Judgment affirmed.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.

---

1. See discussion of California position on page 821 of that case. And, see *Normandale v. United States*, 201 F.2d 463 (5 Cir. 1953).