**STATE of Missouri, Respondent,**

v.

**Alfonzo HARROLD, Appellant.**

**No. 43551.**

Missouri Court of Appeals,
Eastern District, Division Three.

Dec. 1, 1981.

Motion for Rehearing and or Transfer
Denied Jan. 15, 1982.

Robert J. Thomas, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Kirk Lohman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury for abuse of a child in violation of § 568.060, RSMo.1978 and was sentenced to five years imprisonment. Defendant challenges the conviction on double jeopardy grounds. We disagree and affirm.

The first trial began on August 19, 1980. For its first witness, the state called defendant's brother, Darryl, to the witness stand. During the course of the state's direct examination, the state accused Darryl of lying, to which an objection was interposed and sustained. The state continued its direct examination and moments later again accused the witness of lying, to which another objection was made and sustained. The state accused the witness of lying a third time, at which time a motion for mistrial was granted.

Defendant filed a motion to dismiss the charges on the grounds that a second trial would violate his right not to be placed twice in jeopardy. Defendant asserts error in the overruling of his motion.

■ A defendant is placed in jeopardy in a jury trial when the jury has been properly impaneled and sworn. *State v. Irving*, 559 S.W.2d 301, 307 (Mo.App.1977), *United States v. Aguiar*, 610 F.2d 1296, 1301 (5th Cir. 1980). The double jeopardy clause ensures a defendant that he will suffer neither more than one punishment nor incessant prosecutions for the same breach of the law. It does not always exclude the possibility of a new trial after a mistrial has been declared, *United States v. Leppo*, 641 F.2d 149, 152 (3d Cir. 1981). As a rule, when a defendant asks for a mistrial, any constitutional bar to a retrial is eliminated. *State v. Irving, supra, United States v. Enoch*, 650 F.2d 115, 116 (6th Cir. 1981). Simple prosecutorial error, though it may account for the mistrial, will not commonly construct a basis for dismissal on account of double jeopardy. *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed. 543, 556 (1971), *United States v. Fine*, 644 F.2d 1018, 1022 (5th Cir. 1981).

■ A defendant is protected against prosecutorial conduct devised to bring about mistrial requests in order to assail the accused with repeated prosecutions, or to tender the prosecution a more advantageous chance to convict the defendant. *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267, 276 (1976); *United States v. Nelson*, 582 F.2d 1246, 1249 (10th Cir. 1978). Defendant must show the prosecutor's conduct to be error, and that her action was taken to coerce the defendant to request a mistrial. *Lee v. United States*, 432 U.S. 23, 34, 97 S.Ct. 2141, 2147, 53 L.Ed.2d 80, 89 (1977); *Divans v. California*, 434 U.S. 1303, 1304, 98 S.Ct. 1, 54 L.Ed.2d 14, 15 (1977).

■ We do not countenance the action of the prosecutor in this case, *see, United States v. Roberts*, 640 F.2d 225, 227 (9th Cir. 1981), even though she appeared to be frustrated with an unexpectedly uncooperative witness. On the other hand, such error was not contemptible enough to authorize the grave measure of banning reprosecution. The prosecutor's comments during her questioning of Darryl were made in the passion of the moment. They seem to have been undesigned utterances rather than calculated attempts to prejudice defendant. *United States v. Garza*, 603 F.2d 578, 580 (5th Cir. 1979). In light of other eyewitness evidence presented at the second trial that defendant spanked his daughter and threw her on the bed, causing contusions about the child's face and a fracture of her right femur, it is inconceivable that the prosecution intentionally sought a mistrial when faced with defendant's brother Darryl's testimony.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.