**STATE of Missouri, Respondent,**

v.

**Anthony MINER, Appellant.**

**No. 45105.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 1, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Joseph Downey, Public Defender, St. Louis, for appellant.

Albert M. Schlueter, Clayton, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for first degree assault. The trial court sentenced defendant as a persistent offender to thirty years imprisonment. We reverse and remand.

On direct examination of state's psychiatric rebuttal witness, the prosecutor elicited volunteered testimony that defendant was "arrested by age 14." Records or statements of a juvenile offender "are not lawful or proper evidence against the child and shall not be used for any purpose whatsoev-

er in any proceeding, civil or criminal . . . ." § 211.271(3) RSMo 1978.

 The mandatory, all-inclusive prohibition contained in the statute yields only to the Sixth Amendment right to confront and impeach adverse witnesses on the basis of bias, prejudice or ulterior motive. *State v. Tolliver,* 562 S.W.2d 714, 718–20 (Mo.App. 1978). The testimony was elicited during direct rather than cross examination. Therefore, the state's policy of protecting the confidentiality of juvenile records when not in conflict with the right to confrontation prevails.

Aside from the statutory prohibition, none of defendant's prior bad acts was relevant to any issue at trial. Defendant did not place his credibility in issue, nor did he interject the issue of his good character. Instead, defendant sought to rely on his intoxication at the time of the incident to negate the required mental state for first degree assault. See, § 562.076 RSMo 1978. Defendant, through a psychiatrist, produced evidence of chronic alcohol problems including a history of blackouts. This psychiatrist testified if defendant consumed the amount of alcohol he claimed on the day of the assault, he was probably intoxicated and suffered the effects of a blackout.

 The state's psychiatric rebuttal witness testified defendant suffered from an anti-social personality disorder. The prohibited testimony about defendant's juvenile arrest came when the state's psychiatrist was asked the criteria used to form his opinion. We fail to see from the record how defendant's personality was relevant to the issue of whether or not defendant was in an intoxicated condition at the time he committed the offense.

Insofar as we reverse this case and remand it for a new trial, defendant's other allegations of trial error need not be dealt with as they may be corrected upon retrial.

Judgment is reversed and remanded for a new trial.

CRANDALL, P.J., and REINHARD, J., concur.