**STATE of Missouri, Respondent,**

v.

**Roy WELCH, Appellant.**

**No. WD 36715.**

Missouri Court of Appeals,
Western District.

March 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1986.

Application to Transfer Denied
June 17, 1986.

---

John Edward Cash, Kansas City, for appellant.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

TURNAGE, Judge.

Roy Welch was found guilty by a jury of possessing a weapon in the Missouri State Penitentiary in violation of § 217.360.1(4) RSMo Supp.1983 and of assault in the first degree in violation of § 565.050, RSMo 1978. On finding that Welch was a dangerous offender the court fixed punishment at ten years on the weapons charge and twenty-five years on the assault charge with such sentences to run concurrently with each other, but consecutively to the sentence Welch was already serving. Welch contends the court erred in failing to excuse a member of the venire for cause; by refusing to dismiss the weapons charge because of the insufficiency of the information; and in permitting cross-examination of Welch about his membership in the Aryan Nations Church. Affirmed.

Welch does not challenge the sufficiency of the evidence. Welch occupied a cell adjoining one occupied by Van Johnson. On December 29, 1983 a guard electronically opened the doors to the cells on the walkway on which Welch and Johnson's cells were located. The only exit for Welch would be to leave his cell and turn to the left. However, the guard who opened the doors observed Welch turn to the right. The guard then noticed Welch striking at Johnson. The guard summoned help and

other guards arrived and separated Johnson and Welch. When the guards tried to separate Welch and Johnson, the guards saw a long ice-pick type weapon fall from Welch's hand. Johnson was found to have suffered stab wounds and was taken to the hospital.

Welch testified that when he left his cell he turned to the right to meet another inmate to accompany him to lunch. He stated that as he passed Johnson, Johnson attacked him with the ice-pick type weapon. Welch stated that he scuffled with Johnson and succeeded in taking the weapon away from him and that Johnson was stabbed while Welch was trying to defend himself.

There was evidence that Welch had a grievance against Johnson because Johnson had pushed in front of Welch in a lunch line. Welch was white and Johnson was black.

■ Welch first contends the court should have stricken venireman Beatty for cause. The basis for this contention is in the following examination of Mrs. Beatty:

MS. JOYCE: There are a lot of ways to come in contact with the criminal justice system. One is to be a victim of a crime. The other one is to be a defendant or to be a witness. Has anyone here been a witness in a criminal case?

I take it by your silence—

Oh. Mrs. Beatty.

VENIREMAN BEATTY: I have been a witness in a case where a member of my family was killed.

MS. JOYCE: And you testified?

VENIREMAN BEATTY: Yes, I did.

MS. JOYCE: Were you satisfied with the way the law enforcement handled the case?

VENIREMAN BEATTY: Yes

MS. JOYCE: Would you be influenced in any way to either punish Mr. Welch because your sister was killed or to look more favorably to the State simply because of your experience with the criminal justice system as a witness?

VENIREMAN BEATTY: I don't think it would influence me. I think I could be very fair.

Welch contends that because Mrs. Beatty had been a witness in a criminal case involving the murder of a relative, she should have been disqualified. The entire record is set out above. There is nothing in this to indicate that Mrs. Beatty actually witnessed the murder, discovered the body, or was a witness to some other incident connected with the crime. Nor does the record indicate whether that crime was of recent or ancient vintage. Mrs. Beatty responded to the only question concerning the effect of that experience on her ability to be a fair juror in this case by stating that the previous experience would not influence her and she could be fair. The rule is well settled in this state that the trial court has wide discretion in determining the qualifications of veniremen and a decision thereon will not be disturbed absent a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Smith,* 649 S.W.2d 417, 421–22[2–7] (Mo. banc 1983) *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). In this case Welch contends that simply because Mrs. Beatty was a witness in a murder trial concerning the death of her sister she was thereby disqualified from serving on this jury. No case is cited in which such an automatic exclusion of a venireman has been announced. There is nothing to indicate any prejudice on the part of Mrs. Beatty and the court did not note any reason to believe she might not be a fair and impartial juror. The record supports the action of the court and there is no abuse of discretion shown in failing to sustain the challenge for cause of Mrs. Beatty. *State v. Harris,* 425 S.W.2d 148, 155[9] (Mo.1968).

■ Welch next contends the information was insufficient to charge him with the offense of possession of a weapon. Section 217.360.1(4) declares it to be an offense for any person to have in his possession or about the premises of any division of cor-

rection institution any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the life or limb of any inmate or employee. The information in this case charged Welch with possession of an ice-pick type weapon approximately twelve and one-half inches in overall length in or about the premises of the Missouri State Penitentiary. Welch contends that the information is fatally defective because it does not allege that the ice-pick type weapon could be used in such manner as to endanger the life or limb of an inmate or employee. In *State v. Redpath*, 668 S.W.2d 99, 101[1–3] (Mo. App.1984), this court stated:

> The test of the sufficiency of an indictment is whether it contains all the essential elements of the offense as set out in the statute, and clearly apprises the defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution.

The answer to the attack on the information lies in the essential elements of the crime involving the weapon. The elements are possession of a gun, knife or weapon on the premises of a correctional institution. Welch argues that the part of the statute which reads "that may be used in such manner as to endanger the life or limb of any inmate or employee" is an essential element of the offense of which he was charged. The language Welch contends should have been included in the information actually is appropriate only if an article or item of personal property is involved which is not a gun, knife, or weapon. If a gun, knife, or weapon is charged then it is not an essential element of the crime that the gun, knife, or weapon be alleged to be such that it could be used in a manner to endanger the life or limb of an inmate or employee. The prohibition of the possession of a gun, knife, or weapon is absolute. Further, it is apparent that a gun, knife, or weapon could be used to endanger life or limb. It therefore becomes necessary to add the language that the item is capable of endangering life or limb only when pos-

session of an article or item of personal property which is not a gun, knife or weapon is alleged. If some article is involved which does not fall in the category of a gun, knife, or weapon then it is necessary to add further language about the capability of the article to endanger life or limb in order to bring such article or item of personal property within the prohibition ambit of the statute.

Welch was charged with possession of an ice-pick type weapon of approximately twelve and one-half inches in length. There can be no doubt that he was charged with possession of a weapon, and under the terms of the statute it was not an essential element of the crime to charge that such weapon could be used in such a manner as to endanger the life or limb of any inmate or employee.

■ Welch finally contends that the court committed plain error in permitting the prosecutor to inquire into the beliefs of the Aryan Nations Church of Jesus Christ Christian concerning blacks. As stated, Welch took the witness stand and denied that he had a weapon in his possession and denied that he attacked Johnson. His testimony was that Johnson attacked him, he took the weapon away from Johnson and he stabbed Johnson in self-defense.

On cross-examination of Welch the prosecutor asked a number of questions concerning Welch's membership in the Aryan Nations Church and the beliefs of that group concerning blacks. Review is sought under plain error because only one objection was made and that came well into the cross-examination which is challenged.

The questions concerning the Aryan Nations Church concerned whether or not the Aryan Nations Church believed in violence toward blacks and in establishing a country composed entirely of whites. Welch admitted that he believed in segregation and that he believed in the love of his own race, but he generally denied a belief in committing violence against blacks.

The interest or bias of a witness and his feeling toward a party are never irrelevant matters. *State v. Johnson,* 700 S.W.2d 815, 817[2–4] (Mo. banc 1985). Welch contends the inquiry into the beliefs of the Aryan Nations Church was an impermissible inquiry into his religious beliefs. However, if Welch shared the belief that whites should commit violence against blacks, this hostility becomes germane to this case. *People v. Hagan,* 24 N.Y.2d 395, 300 N.Y. S.2d 835, 838, 248 N.E.2d 588, 591[5] (1969), *cert. denied,* 396 U.S. 886, 90 S.Ct. 173, 24 L.Ed.2d 161 (1969). If the beliefs of the Aryan Nations Church were shared by Welch the jury was entitled to know of such bias and prejudice against blacks harbored by Welch and could find that this contributed to the attack on Johnson. *State v. Jackson,* 500 S.W.2d 306, 314[17] (Mo.App.1973).

The inquiry was an attempt to show that Welch shared the prejudice of the Aryan Nations Church against blacks. Although Welch denied any disposition to commit violence toward blacks, the object to show prejudice against blacks generally was proper because such prejudice in all probability extended to Johnson individually.

In *State v. Harling,* 44 Wis.2d 266, 170 N.W.2d 720, 724[5, 6] (1969), the court stated:

> We are of the opinion that if it can be shown that a witness is prejudiced or biased against persons of class, generally this can be shown. If the prejudice is to a class, generally, in all probability it extends to individual members of the class.

*See* 81 Am.Jur.2d *Witnesses* § 557 (1976).

In *Chipman v. Mercer,* 628 F.2d 528, 532[9, 10] (9th Cir.1980), the court stated:

> Bias of a general or pervasive sort is not, at least necessarily, less dangerous to objectivity than hostility to one individual. It is the potential for bias of either kind, and, if established its value to the trier of fact, which determines if cross-examination is necessary in a given case.

The cross-examination here fell within this rule. It was proper for the prosecutor to show that Welch had a prejudice against blacks and the jury could infer from that fact a prejudice against Johnson as a member of that race. The question about the beliefs of the Aryan Nations Church was an effort to demonstrate a prejudice against blacks generally. The jury was entitled to hear any evidence bearing on Welch's prejudice against blacks generally or against Johnson so it could better evaluate Welch's testimony.

Of course the extent of the cross-examination concerning bias or prejudice was subject to the sound discretion of the trial court. *Johnson,* 700 S.W.2d at 817[2–4]. An examination of the cross-examination does not show an abuse of discretion in allowing the cross-examination.

The cross-examination was proper and the court did not commit error either plain or otherwise.

The judgment is affirmed.

All concur.