**STATE of Missouri, Respondent,**

v.

**Anthony MINER, Appellant.**

**No. 52882.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Dorothy Mae Hirzy, Special Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., and Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his January 22, 1987 jury conviction for assault in the second

degree on the ground this conviction violates his right to be free from double jeopardy. He was sentenced as a persistent offender to a prison term of ten years. We affirm.

On August 2, 1980, defendant attacked his estranged wife with a meat cleaver causing her multiple severe injuries. In 1981, defendant was convicted of first degree assault and sentenced to thirty years' imprisonment for the assault. His defense was lack of mental state by reason of alcohol dependency. We reversed and remanded that conviction because the prosecutor elicited testimony from its rebuttal witness, a psychiatrist, that defendant was "arrested by age fourteen" and suffered from an anti-social personality disorder. *State v. Miner*, 657 S.W.2d 332 (Mo.App.1983) (hereinafter *Miner I*).

On retrial, defendant was again convicted of first degree assault and sentenced to thirty years' imprisonment. Defendant's defense again was that he did not have the required mental state because of alcohol dependency. We again reversed and remanded. The basis for the second remand was the State's offering of testimony about defendant's anti-social personality contrary to our holding in *Miner I. State v. Miner*, 703 S.W.2d 73 (Mo.App.1985) (hereinafter *Miner II*). Defendant did not assert double jeopardy as an issue on that appeal.

On April 11, 1984, prior to his second trial, defendant filed a motion to dismiss claiming the testimony about defendant's juvenile record, in the first trial, was the result of prosecutorial misconduct. That motion was denied. Prior to his third trial, on January 7, 1987, defendant again filed a motion to dismiss. This motion asserted it was prosecutorial misconduct to elicit testimony, at the second trial, that defendant suffered from an anti-social personality disorder. In his motion defendant relied on the following language from *Miner II:*

We are unable to escape the conclusion that the state intentionally sought to offer testimony of defendant's anti-social personality and that the answer was permitted over specific objection on the ground we held valid in *Miner I*. This

was in direct disregard of our prior holding. 703 S.W.2d at 74.

Defendant argued eliciting this testimony, in light of our opinion in *Miner I*, was prosecutorial misconduct and should have barred another retrial. The trial court denied the January 7, 1987 motion to dismiss.

Defendant went to trial for the third time and presented the same defense. He was convicted of assault in the second degree. His sole issue on appeal of this third conviction is that his double jeopardy rights were violated by the third trial because the majority opinion in *Miner II* posited "that the state intentionally sought to offer testimony ... in direct disregard of our [*Miner I*] holding."

█ For double jeopardy to attach defendant must show the prosecutor's conduct was intended to coerce defendant to request a mistrial. *State v. Fitzpatrick*, 676 S.W.2d 831, 835[7] (Mo. banc 1984); *State v. Harrold*, 626 S.W.2d 260, 261[5] (Mo.App.1981). While the language of the majority opinion in *Miner II*, relied upon by defendant, does suggest the possibility of prosecutorial misconduct, we were not required to reach that issue at that time and did not do so. We note, however, that nowhere does that opinion provide support for finding that the purpose of any misconduct was to cause either a mistrial or new trial. Defendant has not provided us with any evidence of prosecutorial misconduct to warrant the reversal of his third conviction on double jeopardy grounds.

█ Even if there had been sufficient prosecutorial misconduct in the second trial and that conduct had violated defendant's double jeopardy rights, defendant did not raise the issue at the proper time. Double jeopardy is a personal right that if not properly raised is waived. *State v. Harper*, 353 Mo. 821, 184 S.W.2d 601, 604[7] (1945); *United States v. Conley*, 503 F.2d 520, 521[1] (8th Cir.1974). Defendant asserts the prosecutorial misconduct that prohibits another trial occurred at the second trial. Yet on the appeal of that trial we were not presented with a claim of double jeopardy and did not decide that issue. In his second appeal defendant argued, "that

his conviction must be reversed and the cause remanded for a new trial" in which evidence he had a personality disorder would not be raised. We granted defendant the relief he requested; we did not find an outright reversal. Only after we remanded for the second time and his third trial was about to begin did defendant claim prosecutorial misconduct in the introduction, at the second trial, of evidence he had an anti-social personality disorder.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.