**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Dale LOTTMANN, Defendant–Appellant.**

**No. 54552.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Nancy A. McKerrow, Public Defender, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Dale Lottmann, appeals from his conviction, after a jury trial, of sexual abuse in the first degree. He was sen-

tenced to five years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, established that the victim, E.B., was defendant's ten year old stepdaughter. During a visit with defendant on or around June 18, 1986, defendant took E.B. for a ride on a three wheel vehicle. He drove to a cornfield near his house. It was there that defendant performed the acts which constituted the basis of his conviction of sexual abuse. E.B. did not report the incident to her mother until June 26, 1986.

On voir dire, the prosecutor, over objection, asked if any member of the panel would tend to disbelieve a child "in a case involving the sexual abuse or the sexual touching of a child by one who was held in a position of trust, a family member or a stepfather, someone in the family, ... simply because of a delay in the reporting that action by that child...."

Defendant's sole point on appeal is that the trial court erred in permitting the State to ask that question during voir dire. Defendant asserts that the challenged question was "calculated to precondition the jurors' minds to believe the testimony of [E.B.]."

Control of the nature and scope of questions on voir dire examination of veniremen is lodged in the discretion of the trial court, and an appellate court will interfere with the exercise of that discretion only when the record shows a manifest abuse of that discretion and a real probability of injury to the complaining party. *State v. Hobby,* 706 S.W.2d 232, 233 (Mo. App.1986).

Here, the question posed by the prosecutor on voir dire did not purport to commit the members of the jury panel to an advance decision. Rather, the question explored the legitimate interest the State had in determining whether any prospective jurors harbored any prejudice against the witness E.B. because of her delay in reporting the incident of sexual abuse to her mother such that they would not fairly and impartially consider her testimony when offered. *See Hobby,* 706 S.W.2d at 233; *see also State v. Gibson,* 684 S.W.2d 413, 415 (Mo.App.1984). There was no manifest abuse of the trial court's discretion in permitting the question during voir dire.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.