**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Tim STEGALL, Defendant–Appellant.**

No. 54836.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Application to Transfer Denied
May 16, 1989.

Donald J. Hager, Public Defender, Farmington, Lew Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Tim Stegall, appeals from his convictions following a jury trial for two counts of possessing contraband on the premises of a county jail. Defendant was sentenced to imprisonment for four years and a consecutive term of seven years; said sentences to run consecutively with the sentence defendant is presently serving. Defendant claims the verdict directing instructions erroneously omitted necessary elements of the charged offenses. We affirm.

Defendant was a prisoner in the St. Francois County Jail on September 8, 1987. He was searched by prison officials after the officials were alerted that a prisoner had a knife in the jail. Prison officials found marijuana cigarettes on the defendant, and he responded, "I know I shouldn't have them." A knife was also found on defendant's person.

Defendant argues, in his first point on appeal, that the verdict directing instruction for possessing a controlled substance on the premises of a county jail was erroneous because the instruction did not require a finding that defendant was aware of the nature and character of the substance possessed.

Defendant was charged with violating § 221.111.1(1), RSMo (1986) which provides:

Delivery or concealment on premises of narcotics, liquor, or prohibited articles, penalties.—1. No person shall knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any county jail or other county correctional facility:

(1) Any controlled substance as that term is defined by law, except upon the written prescription of a licensed physician, dentist, or veterinarian;

The verdict directing instruction given in this case was a version of MAI–CR3d 304.02. The instruction reads as follows:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 8th day of September, 1987, in the County of St. Francois, State of Missouri, the defendant, Timothy Stegall, was in or about the premises of the St. Francois County Jail, and;

Second, that the defendant, Timothy Stegall, knowingly had in his possession at the time, a controlled substance, to wit: marijuana,

then you will find the defendant guilty under Count I of possession of a controlled substance in or about the premises of a county jail.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

MAI–CR3d does not contain a verdict directing instruction for the crime of knowingly possessing a controlled substance on the premises of a county jail. MAI–CR3d 304.02 Notes on Use 2 prescribes that when there is not an applicable verdict directing

instruction, MAI–CR3d 304.02 must be followed.

In this case, the verdict directing instruction was properly patterned after MAI–CR3d 304.02. Defendant, however, argues that there is an applicable verdict directing instruction, namely MAI–CR3d 332.06. MAI–CR3d 332.06 is the verdict director for alleged violations of § 195.020, RSMo (1986), which is the general statutory prohibition against possession of a controlled substance. MAI–CR3d 332.06 includes a requirement that the jury find that defendant was aware of the nature and character of the substance. Defendant contends the instruction given in this case does not contain this "awareness" element. Accordingly, defendant asserts the instruction was erroneous.

Defendant's position is fallacious. MAI–CR3d 304.02 requires that the elements of the offense be enumerated in the instruction. The instruction given to the jury mirrors each of the elements listed in § 221.111.1(1). MAI–CR3d 332.06 is not applicable because defendant was not charged with a violation of § 195.020. Finally, the instruction given required the jury to find that the defendant knowingly possessed the controlled substance. Point one is denied.

 Defendant argues, in his second point, that the verdict directing instruction regarding possession of a knife in a county jail was erroneous because the jury was not required to find that the knife defendant possessed was capable of endangering the security of the county correctional facility or the safety of its residents or employees.[1]

"If a gun, knife, or weapon is charged then it is not an essential element of the crime that the gun, knife, or weapon be alleged to be such that it could be used in a manner to endanger the life or limb of an inmate or employee." *State v. Welch*, 709 S.W.2d 905, 908 (Mo.App.1986). The instruction properly required a finding that defendant knowingly possessed a knife while on the premises of a county jail. There was no error in not requiring the jury to find that the knife could have been used in such a manner as to endanger the life or limb of any prisoner or employee. *Point two is denied.*

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. Section 221.111.1(4), RSMo (1986) provides: 1. No person shall knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any county jail or other county correctional facility:

(4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the institution or as to endanger the life or limb of any prisoner or employee thereof.