John William **SEDERES**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 58282.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15 and June 12, 1991.

Application to Transfer Denied
July 23, 1991.

Dave Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 motion for post conviction relief after an evidentiary hearing. We previously held movant was entitled to a hearing, findings of fact and conclusions of law. *Sederes v. State,* 776 S.W.2d 479 (Mo.App.1989).

This appeal involves alternative positions. First, movant claims the evidence proves his guilty pleas were involuntary because trial counsel "refused to zealously advocate [movant's] cause at trial." Second, movant seeks a second remand for further evidence because appointed motion counsel failed to prove the complaining witness on sodomy charges had previously and falsely accused others of similar crimes. We affirm.

▪ We may not consider movant's second claim because ineffective assistance of motion counsel is not reviewable on appeal of a post conviction proceeding. *Sloan v. State,* 779 S.W.2d 580, 583 (Mo. banc 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1989); *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989), *cert. denied,* — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

The following facts are relevant to a review of movant's first claim of error.

*See Lewis v. State,* 539 S.W.2d 578, 579 (Mo.App.1976). Movant was living with the complaining witness. He returned to the house in the early morning after drinking a case of beer and sharing a marijuana cigarette. He told the police he went to bed and could not prove he was innocent of the charges. He testified at the motion hearing he remembers "making it home and laying down but that's about all I remember."

The court accepted negotiated pleas to four charges after a jury was selected. The state withdrew allegations of prior convictions to enhance sentences and dismissed two armed criminal action charges. It recommended and the court approved concurrent sentences totaling twenty-three years.

At the plea hearing movant "guessed" he was satisfied his attorney had all necessary facts to advise him. He said he had to be satisfied with his attorney. He claimed to be innocent "but I can't prove none of it. That's what I'm trying to say; no I'm taking teh [sic] 23." He told the court he "really don't remember it at all." When asked about the prosecutor's rendition of the state's evidence, he unequivocally said, "Yes, it's true."

Movant's trial counsel testified. He represented a persistent offender, a prior sexual offender. He was prepared to attempt to prove the complaining witness had mental problems. Medical records were under subpoena. The records were examined by the trial court. Movant neither admitted nor denied the charges. In the absence of any physical evidence, the case depended on the testimony of the complaining witness and counsel was presented with a dual problem of movant's absence of memory and certain knowledge that his testimony would inform the jury of prior convictions.

▪ The motion court found and concluded movant's plea was not involuntary because defense counsel was ineffective. Was this finding clearly erroneous? Rule 24.035(j). We think not.

The evidence of guilt was the testimony of a complaining witness. She was interviewed and deposed by defense counsel be-

fore trial. Her suspect mental condition was considered. Nothing that defense counsel did, or did not do, amounted to coercion of negotiated guilty pleas. The evidence supported the conclusion the guilty pleas were attributable to the availability of proof of the charges and the absence of a defense, together with the benefits of the negotiated pleas. Defense counsel was prepared, the trial was in progress. Counsel had good reason to be pessimistic but denied he ever told movant he would not try the case.

Given the facts, an overly optimistic defense attorney would have been less effective counsel than movant charges. The negotiated pleas were a benefit to movant who ultimately admitted state's proposed evidence was "true." Accordingly, the court's findings and conclusions on the issue of involuntary plea are supported by the evidence and not clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.