**STATE of Missouri, Respondent,**

v.

**Randall BAKER, Appellant.**

**Randall BAKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60561.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 6, 1993.

Raymond Legg, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Randall Baker, appeals from his jury trial conviction in the Circuit Court of Washington County on four counts of possession of a weapon on the premises of a correctional facility, RSMo § 217.360 (1986), for which he was sentenced to two consecutive terms of thirty years' imprisonment and two concurrent terms of thirty years' imprisonment. We affirm in part, modify in part, and remand in part.

The evidence adduced at trial established that on January 13, 1989, pursuant to a tip from another inmate, a group of correctional officers at the Farmington Correctional Center conducted a search of appellant's cell. Appellant and his cellmate were taken to another location while the search took place. During the officers' examination of the quarters, four homemade weapons, some sugar, oranges, and milk cartons[1] were discovered inside a heating unit in the cell. Upon completion of the search, the officers went to the location where appellant and his cellmate were being held. Captain Joseph Rosenberg asked "Who does all this stuff belong to?", at which point appellant stated, "It's mine."

---

**1.** These last three items were apparently used to produce "hootch," a form of bootleg liquor.

On April 30, 1991, appellant was brought to trial on four counts of possession of a weapon on the premises of a correctional facility, pursuant to RSMo § 217.360 (1986). At the close of State's evidence, and at the close of all evidence, appellant moved for judgment of acquittal. Both motions were denied. Subsequently, the jury brought forth a guilty verdict on the four counts charged.

Appellant filed a *pro se* Rule 29.15 motion for post-conviction relief on November 22, 1991. Counsel for appellant, appointed shortly thereafter, filed an amended motion on January 27, 1992. Findings of Fact and Conclusions of Law denying appellant's motion without an evidentiary hearing were entered on April 23, 1992. This consolidated appeal ensued.

Appellant raises fourteen points on appeal. We will address these points in the order raised. First, appellant asserts the trial court committed plain error by accepting the guilty verdicts on all four counts of possession of a weapon in that appellant's possession of four knives actually constituted only a single offense. In the alternative, appellant argues the motion court erred by denying his Rule 29.15 motion alleging ineffective assistance of counsel because defense counsel failed to raise this defense of double jeopardy as to the four charged counts of possessing a weapon.

■ Because counsel for appellant failed to raise the issue of double jeopardy in the trial court, appellant requests that we review this point for plain error. However, it is well-settled that double jeopardy is a personal right which, if not properly raised, is waived. *State v. Miner*, 748 S.W.2d 692, 693 (Mo.App., E.D.1988). As appellant was remiss in raising his double jeopardy claim at trial and in post-trial motions, we find appellant has waived this right.

■ Appellant's alternative claim alleges his defense counsel was ineffective for failing to raise the double jeopardy defense at trial. Because of this, asserts appellant, the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing.

Our review here is limited to a determination as to whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Clear error will be found only where a review of the entire record leaves this court with the firm impression that a mistake has been made. *Id.* at 695–96. Moreover, to establish a claim of ineffective assistance of counsel, a defendant must show: 1) that his attorney was remiss in exercising the customary skill and diligence of a reasonably competent attorney under similar circumstances, and 2) that defendant was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). This is a difficult burden to carry as the allegation must be proven by a preponderance of the evidence, as well as the fact that counsel is presumed competent. *Id.*

■ In determining whether trial counsel was ineffective, we must establish whether or not the claim of double jeopardy would have been a valid defense. Appellant was convicted of violating RSMo § 217.360.1(4) (1986), which states in pertinent part:

1. It shall be an offense for any person to knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any correctional facility: ...

(4) *Any* gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional facility or as to endanger the life or limb of any offender or employee of such a facility. (Emphasis added).

In support of his contention, appellant refers us to a Florida Supreme Court opinion whereby it was determined that the Florida legislature's use of the term "any" (emphasized above) in a statute similar to the above was ambiguous. *State v. Watts*, 462 So.2d 813, 814 (Fla.1985). Due to this ambiguity, the court held that a defendant's possession of two prison knives in a single episode constituted only one offense from which multiple convictions and punishments were precluded. *Id.* Additional-,

ly, our research has turned up a number of federal cases wherein it was determined the term "any" in a statute was ambiguous as to the allowable unit of prosecution. *See, United States v. Coiro,* 922 F.2d 1008 (2d Cir.1991); *United States v. Calhoun,* 510 F.2d 861 (7th Cir.1975); *United States v. Kinsley,* 518 F.2d 665 (8th Cir.1975); *United States v. Carty,* 447 F.2d 964 (5th Cir.1971). Because Missouri has not reviewed this issue in relation to this particular statute, we are persuaded by the opinions of these courts and find that RSMo § 217.360.1 is ambiguous as to the allowable unit of prosecution.

The State argues that the use of "any" does not make the statute ambiguous and that this issue has already been addressed by Missouri courts. The State directs us to *State v. Williams,* 542 S.W.2d 3 (Mo.App., St.L.D.1976), wherein a criminal defendant raised the double jeopardy argument in relation to RSMo § 195.020 (1969) (now repealed). That statute stated in relevant part that it was unlawful for "any person ... to possess ... any controlled or counterfeit substance ..." RSMo § 195.020 (1969).[2] Appellant in *Williams* alleged his convictions under the statute for possession of both heroin and marijuana constituted double jeopardy.[3] *Williams,* 542 S.W.2d at 5. This court disagreed and interpreted the use of the word "any" as indicating that each separate substance possessed was an isolated unlawful act. *Id.*

We find the facts before us readily distinguishable from *Williams.* Initially, we note *Williams* and the present case address two separate statutes. Additionally, appellant in *Williams* was charged with one count of possession of heroin and one count of possession of marijuana. The State had to provide substantially different elements of proof to establish that one element constituted one drug, and one element constituted a second, different drug. Here, each of the weapons confiscated from appellant's cell was classified as a "knife." Thus, the elements of proof were nearly identical for each count. Also, appellant in *Williams* received a separate trial on each count. Appellant, here, was tried and convicted on all four counts in one proceeding. As we are not persuaded that *Williams* is controlling in this matter, and as we find the statute's use of the word "any" to be ambiguous as to the allowable unit of prosecution here, we hold that appellant was significantly prejudiced by his defense counsel's failure to raise the double jeopardy issue at trial. Therefore, we find that an evidentiary hearing was warranted on the claim of ineffective assistance of counsel and remand for such proceeding.

■ For his next point, appellant asserts the trial court erred in charging him as a prior and persistent offender pursuant to RSMo § 558.019 (Cum.Supp.1991).[4] Appellant argues, and the State concedes, that RSMo § 558.019 does not authorize sentencing as a prior and persistent offender for one convicted under the provisions of Chapter 217, as appellant was. Because of this, appellant suggests a remand is necessary for the trial court to strike any reference to appellant as a prior and persistent offender. However, Rule 30.23 provides this court with the ability to correct errors in sentencing. As such, we hold that any

2. Our research into the development of this statute dealing with possession of a controlled substance indicates that RSMo § 195.020 (1969) discussing possession of *"any* controlled substance" (emphasis added) was repealed and replaced by RSMo § 195.202 (1989) discussing possession of *"a* controlled substance" (emphasis added). We find this a persuasive indicator that the legislature was attempting to clarify its intent in regard to possession of a controlled substance and avoid any ambiguity as to the allowable unit of prosecution for such charges.

3. Appellant had requested and obtained a severance of the two counts. His conviction on the heroin charge was upheld on appeal, and the presently referenced case involved an appeal of the conviction for possession of marijuana.

4. This statute provides in pertinent part:
2. The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo.

reference to RSMo § 558.019, and to appellant's status as a prior and persistent offender, be removed from the record, thus withdrawing the requirement that appellant serve a minimum of sixty percent of the sentence imposed.

■ Next, appellant suggests it was error for him to be sentenced to thirty years on each count, with the sentences on Counts I and II to run consecutively. Appellant contends this sentence constituted cruel and unusual punishment, was grossly disproportionate considering the crime appellant was convicted of, violated appellant's right to equal protection, and shocked the moral sense of reasonable people. Appellant failed to preserve this point for appeal and requests that we review for plain error.

■ We note that relief under the plain error rule will only be granted where it is found the alleged error so substantially affected the rights of the accused that a manifest injustice or miscarriage of justice would result if not corrected. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991). Additionally, more than a mere showing of demonstrable prejudice is necessary for a reversal under plain error. *State v. Schaal*, 806 S.W.2d 659, 664 (Mo. banc 1991). As such, we find no error here.

RSMo § 558.016.7(2) (Supp.1991) authorizes a prison term "not to exceed thirty years" for one convicted of a Class B felony. RSMo § 217.360.2 identifies the crime for which appellant was convicted as a Class B felony. Appellant's sentences were within the range of punishment allowed by statute. "[W]hen the punishment imposed is within the range prescribed by statute, it cannot be judged excessive by the appellate court ... [and] consecutive effect of the sentences does not constitute cruel and unusual punishment." *State v. Lachterman*, 812 S.W.2d 759, 772 (Mo. App., E.D.1991) (reversed on other grounds) (citations omitted). Point denied.

■ Appellant's fourth point argues plain error on the part of the motion court in denying the Rule 29.15 motion due to ineffective assistance of post-conviction counsel. A claim of ineffective assistance of motion counsel is not reviewable on an appeal of a post-conviction proceeding. *Sederes v. State*, 810 S.W.2d 589, 590 (Mo. App., E.D.1991). Point denied.

Appellant next asserts the motion court erred in denying the Rule 29.15 motion without an evidentiary hearing. Appellant claims ineffective assistance of counsel in that his trial attorney failed to pursue a motion to suppress appellant's statements made to correction officials immediately after the detection of the weapons in appellant's cell.

As stated earlier, to prove ineffective assistance of counsel, appellant must show that his counsel failed to perform as a competent attorney would have performed in a similar situation and that counsel's failure thereby prejudiced appellant. *Sanders*, 738 S.W.2d at 857. A court is free to determine the prejudice component before considering the performance of defense counsel. *Id.* In so doing, we find no prejudice here.

■ Appellant argues that a generalized question asked of appellant and his cellmate by correction officers after the discovery of the weapons in the inmates' cell constituted a custodial interrogation. Therefore, asserts appellant, because no *Miranda*[5] warnings were given before the question, appellant's response to the question should have been suppressed.

One of appellant's prior defense attorneys in this case, Public Defender Renee Murphy, had filed a motion to suppress the statements in August, 1990. Attorney Murphy apparently withdrew from the case, and the suppression motion was never pursued. Based on this failure, appellant claims ineffective assistance of counsel.

However, as the State points out in its brief, the motion to suppress would have carried no merit. We agree that before an accused may be subject to custodial interrogation, he must be advised of his constitutional rights. *Miranda*, 384 U.S. at 444, 86

5. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

S.Ct. at 1612. However, not every question asked by police constitutes forbidden interrogation. *State v. Jordan*, 506 S.W.2d 74, 83 (Mo.App., St.L.D.1974). "The type of interrogation the *Miranda* decision proscribed was lengthy interrogation, employing psychological schemes designed to elicit inculpatory statements from criminal suspects who do not know or are unaware of the implications of their right to remain silent and to be represented by counsel." *Id.* at 82 (citations omitted). Such is not the situation before us. There was no lengthy interrogation, no psychological scheme, and no unwary or unknowing suspect. One question was asked: "Who does all this stuff belong to?" Appellant admits the question was generalized, directed toward appellant and his cellmate. Both of these individuals were serving time for previously committed crimes and were presumably knowledgeable of the implications of their actions.

We find there was no custodial interrogation here, requiring the presentation of *Miranda* warnings. As such, appellant's statements were properly before the court and a motion to suppress would have had no merit. Therefore, we find no prejudice to appellant based on the fact that trial counsel did not pursue a motion to suppress. Point denied.

Appellant's sixth point contends the trial court plainly erred by admitting evidence that appellant was housed in a cell for those who did not follow the prison rules and that appellant had previously possessed other knives while in prison. Appellant claims the probative value of this evidence was outweighed by its prejudicial effect. In the alternative, appellant argues the motion court erred in denying his Rule 29.15 motion based on ineffective assistance of counsel since trial counsel failed to preserve these issues for review.

Our review of the record indicates no manifest injustice or miscarriage of justice

sufficient to warrant plain error review. We find appellant's guilt overwhelming and determine that appellant has failed to demonstrate how he was prejudiced by the admission of evidence of prior possession of knives or his placement in a special section of the prison reserved for those who refuse to follow prison rules.[6] As such, plain error review is denied.

We also find appellant's additional argument here to have no merit. Appellant argues he deserved an evidentiary hearing on his Rule 29.15 motion because trial counsel was ineffective in preserving these issues for appeal. The State competently rebuts this argument, citing us to *Kirk v. State*, 778 S.W.2d 661 (Mo.App., E.D.1989). Because the review of claims of ineffective assistance of counsel is limited to a consideration of alleged errors which denied an appellant a fair trial, a claim that counsel's inaction affected one's ability to appeal a conviction is not cognizable under Rule 29.15. *Id.* at 662. Point denied.

Appellant further asserts plain error because the trial court failed to declare a mistrial, *sua sponte*, after the State's alleged improper closing argument. It is well-established an improper argument does not warrant relief unless it can be proven the argument had a decisive effect on the jury. *State v. Childers*, 801 S.W.2d 442, 445 (Mo.App., E.D.1990). The defendant carries the burden of proof in this situation. *Id.*

Appellant directs us to the following portion of the State's closing argument:

Mr. Rupp: ... Ladies and gentlemen, think about it. What are knives used for in prisons? Prisoners don't cook, so they don't need any knives to cut food with, and down at the commissary of the cafeteria utensils are provided for them. Knives are used for hunting. I don't think there's too much game in a prison.

---

6. We are mindful of Judge Covington's recent opinion, *State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993), limiting the common-scheme exception to the general rule that evidence of prior uncharged misconduct is inadmissible. However, as appellant failed to preserve these points for our review, and we are unable to detect prejudice on the facts before us, we find that *State v. Bernard* does not apply.

I could be wrong about that. What is the only purpose of these knives?

MS. PREDDY: Objection, Your Honor. Counsel is introducing new argument into his rebuttal. It's improper.

MR. RUPP: This is closing argument, Your Honor.

THE COURT: Objection is overruled.

MR. RUPP: The only things these are made for is to hurt another person in that institution, and who is in that institution, ladies and gentlemen? Inmates and correctional officers.

Correctional officers are people that we pay to protect us from individuals that society has determined can no longer function freely outside of the controlled circumstance. These individuals protect us from them. It is now your duty to go back there and return a verdict and protect our protector. It's very important. That's why this is charged. That's why we're in trial today, because these are dangers and hazards to everybody that has to work there.

Appellant then contends this argument diverted the jury's attention from the only genuine issue in the case: Appellant's knowing possession of the knives. Appellant's brief states that "[t]he jury may very well have been led to convict appellant based on speculation that appellant was planning to use the knives against correctional officers." We perceive this as mere speculation and find that appellant has failed to carry his burden and prove that the prosecutor's remarks decisively affected the jury's verdict. Point denied.

■ Similar to the prior contention, appellant next claims plain error in that a mistrial was not declared, *sua sponte*, when the State, during voir dire, stated to the jurors that their role was "not to forgive or to excuse." Appellant asserts such a statement on the part of the prosecutor implied the prosecutor had special knowledge as to appellant's guilt, shifted the burden of proof to the appellant, and asked the jurors to commit to a verdict of guilty.

The disputed portion of the prosecutor's statement on voir dire stated:

MR. RUPP: ... There is a saying to error (sic) is human and to forgive is devine (sic). Ladies and gentlemen, you're not here to forgive. What you're here to do is to evaluate the evidence as you see it. That there is no duty or act of the jury to forgive or to excuse. Does everybody understand that? ... Does anybody have a problem with that concept? ... Now, this duty of the State to prove to you all beyond a reasonable doubt that the defendant committed the crimes as alleged. You as jurors will be then instructed on the law and asked to go back and deliberate and to deliberate whether or not the defendant is innocent or guilty. This is after you judge all the evidence and credibility of the witnesses. Now, does anybody have a problem with going back and trying to decide the guilt or the innocence of another human being?

The trial court has substantial discretion in controlling the nature and scope of voir dire examination. *State v. Lottmann*, 762 S.W.2d 539, 540 (Mo.App., E.D.1988). On appeal, this court will not interfere with the judgment of the trial court unless the record shows a manifest abuse of that discretion and a real probability of injury to the appellants. *Id.* Our review of the above statement reveals nothing which we would interpret as providing a real probability of injury to the appellant. We refuse to disturb the actions of the trial court. Point denied.

■ Appellant's ninth point claims plain error on the part of the trial court for failing to disclose to the parties that the trial judge was the brother of the assistant prosecuting attorney who was involved in preliminary proceedings on behalf of the State. Appellant asserts the trial court plainly erred by not disqualifying itself *sua sponte* because of this conflict.

Canon 3C(4) of the Canons of Judicial Conduct establishes:

A judge has a duty to disclose to all parties, or to their attorneys, that any person acting as a lawyer in the proceeding or the spouse of such a person is within the third degree of relationship to

the judge or his spouse by blood or marriage. If after such disclosure any party or his attorney requests that the judge disqualify himself by reason of such relationship the judge shall do so.

It is this Canon upon which appellant bases his claim of error.

We remind appellant "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, ..." Rule 30.04(a). Additionally, it is the responsibility of the appellant to provide this court with that record. Rule 30.-04(c). We are unable to adequately review appellant's contention that he was never informed of the relationship between the trial judge and the assistant prosecutor. Appellant has failed to provide this court with the transcripts from the preliminary proceedings in which the assistant prosecutor was involved. Because appellant has not provided us with those necessary transcripts, which may or may not provide evidence of the court's disclosure, appellant has not met his burden in demonstrating error. *State v. Luckett*, 770 S.W.2d 399, 404 (Mo.App., E.D.1989). Point denied.

■ Point ten of appellant's brief argues error whereby the court failed to sustain appellant's pretrial motion to dismiss the amended information. Appellant contends the information was "fatally defective" in that an essential element of the crime charged—namely, the element "knowingly"—was omitted.

We note that in response to defense counsel's motion to dismiss, the State moved to amend the information by interlineation by inserting the word "knowingly" in each of the offenses charged. "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08. Additionally, even if an information is defective, so long as it sufficiently enlightens the defendant as to the facts constituting the offense and does not prejudice the substantial rights of the defendant, the information will be valid. Rule 23.11; *State v.*

*Cox*, 820 S.W.2d 532, 538 (Mo.App., W.D. 1991). We find that appellant had sufficient information as to the crimes charged, and that the trial court properly allowed the State to amend its information. Point denied.

■ Next, alternative theories of error are proposed. First, appellant claims plain error in the trial court's use of verdict directors which varied from the counts charged. Appellant was charged with "possession" of weapons in a correctional facility, but the verdict directors allowed conviction if it was found appellant possessed *or* concealed weapons from the premises. Alternatively, appellant argues plain error regarding use of the verdict directors for Counts I—III in that these counts charged appellant with possession of a "weapon" but the verdict directors allowed convictions based on possession of "homemade knives."

■ A variance between information and verdict director will not be found fatal unless a new charge, distinct from the crime alleged, is submitted to the jury. *State v. Brigman*, 784 S.W.2d 217, 222 (Mo.App., W.D.1989). So long as an information reasonably informs the defendant what evidence will be presented at trial, a variance will not be fatal. *U.S. v. DeLuna*, 763 F.2d 897, 918 (8th Cir.1985). As such, we find no extreme injustice sufficient to warrant plain error review as requested by appellant. Point denied.

Appellant's twelfth point challenges the definition of "reasonable doubt" utilized in MAI–CR3d 302.04. This point has been repeatedly addressed and overruled by courts in our State. As such, we find the claim merits no consideration here. Point denied.

■ Appellant then argues the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and in accepting the jury's verdicts. Appellant contends the evidence failed to prove his guilt as to knowing possession of the homemade knives beyond a reasonable doubt.

We will affirm the verdict in a jury-tried case if it is found to be supported by substantial evidence. *State v. Keeper*, 787 S.W.2d 887, 888 (Mo.App., E.D.1990). To determine whether there is substantial evidence, we will accept as true all evidence and inferences which are favorable to the verdict, thus disregarding evidence and inferences to the contrary. *Id.* at 888–89.

With this in mind, a review of the evidence supporting the verdict leads us to conclude there was substantial proof supporting the guilty verdict. Upon receipt of an anonymous tip, prison officials proceeded to search appellant's cell for evidence of weapons. This investigation resulted in the discovery of four homemade weapons, as well as ingredients used to make "hootch." Shortly after the discovery, appellant admitted to ownership of the items confiscated. Although appellant argued at trial that his confession to ownership of the items only encompassed the oranges, milk and sugar, ingredients for "hootch," the weapons were discovered in the same general area of the heating unit as the other items. There is a strong inference, therefore, that appellant owned the homemade weapons as well. Considering these facts in a light most favorable to the decision of the jury, we find the verdict was supported by the substantial weight of the evidence. Point denied.

▮ For his final point on appeal, appellant asserts plain error in proceeding to trial on the amended information. Appellant claims the information was defective because each count failed to allege an essential element of the offense; namely, that the weapon at issue was such as may be used to endanger the safety or security of the institution or as to endanger the life or limb of other inmates or employees. Appellant suggests this omission was fatally defective as to the information. Alternatively, appellant contends the verdict directors submitted to the jury were defective in failing to include this same element of the offenses charged.

Appellant concedes that *State v. Welch*, 709 S.W.2d 905 (Mo.App., W.D.1986) is contrary to his position. The *Welch* court, considering the very same issue, stated:

> The language [appellant] contends should have been included in the information actually is appropriate only if an article or item of personal property is involved which is not a gun, knife, or weapon. If a gun, knife, or weapon is charged then it is not an essential element of the crime that the gun, knife, or weapon be alleged to be such that it could be used in a manner to endanger the life or limb of an inmate or employee....

*Id.* at 908.

Additionally, appellant acknowledges that *State v. Stegall*, 768 S.W.2d 153 (Mo. App., E.D.1989) takes a position opposite to appellant's alternative contention. The court, considering a claim that the verdict director was defective in not containing language requiring a finding as to the dangerousness of the weapon, relied on *Welch* to find no error in the omission of this language. *Id.* at 155.

Appellant suggests the two cases were incorrectly decided and asks that we reconsider the rulings. However, we find no error in the decisions cited and decline appellant's invitation to overrule existing caselaw. Point denied.

Based on the foregoing, we find the necessity to remand this matter for an evidentiary hearing to determine the effectiveness of defense counsel for failing to raise a claim of double jeopardy before the trial court. Furthermore, in response to appellant's point III on appeal, we order that all references to appellant as a prior and persistent offender be removed from the record, thus lifting the requirement that appellant serve a minimum of sixty percent of his sentence. As to all other points, we affirm.[7]

---

7. The court would like to commend the attorneys on appeal on their well-written, well-prepared briefs.

SMITH, J., concurs except as to the remand for an evidentiary hearing on effectiveness of counsel from which he dissents.

STEPHAN, J., concurs.